FRANKIE WOODWARD v. CLAUDE C. WOODWARD.

166 So. 585.
Division B.
Opinion Filed March 9, 1936.

*Leo P. Kitchen* and *Dan R. Swartz,* for Appellant;

*Z. Bass, J. A. Scarlett* and *Scarlett & Futch,* for Appellee.

PER CURIAM.—This case is before us on petition for rule *nisi* in contempt proceedings to require appellee's solicitor to show cause why he should not be adjudged in contempt of this Court because of his failure to comply with the order of this Court entered on December 27th, 1935, as follows:

"From an investigation of the record and briefs filed in this case on the wife's behalf, the Court has determined that an attorney's fee for the wife's solicitor should be allowed and that the sum of One Hundred and Twenty-five Dollars is a reasonable fee to be allowed for the services performed, taking into consideration the financial status of the husband. The petition for alimony pending appeal goes down with the affirmance of the decree in the absence of some special or peculiar equity on the wife's part being shown.

"Decree of divorce affirmed. Petition for attorney's fees allowed in the sum of one hundred and twenty-five dollars. Alimony pending appeal denied."

On June 25, 1935, we entered an order requiring appellee to pay to appellant for fees for her solicitor the sum of $100.00 as compensation for representing appellant in this Court. It is now made to appear that appellee has paid the sum of $100.00 as attorney's fee for appellant's solicitor in compliance with our order of June 25, 1935. It was not the intention of this Court to require appellant to pay the sum of $100.00 as required in the order of June 25, 1935, and the additional sum of $125.00 as named in the final order of December 27, 1935. It was intended to fix the total fee to be paid by appellee for appellant's solicitor for services incident to the appeal at $125.00. Therefore, it is ordered that upon appellee's paying to appellant for her solicitor the sum of $25.00 in addition to the $100.00 required by our order of June 25, 1935, he be discharged from further liability in this regard.

It is so ordered.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.